**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL DAVID FOWLER, | No. 09-15280 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00691-KJD |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF NEVADA and NEVEN, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Nevada state prisoner Paul David Fowler appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his

jury-trial conviction for first-degree murder. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 2253, and we affirm.

Fowler contends that his trial counsel was ineffective by failing to investigate and present evidence regarding his state of mind at the time of the killing and the possible culpability of one of the witnesses. This contention fails because Fowler has not shown that his counsel's performance was deficient, or that he suffered any prejudice from counsel's alleged errors. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Babbitt v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998) (failure to present witnesses at trial whose testimony would have been cumulative was not prejudicial under *Strickland*).

Fowler also contends that his appellate counsel was ineffective by failing to raise certain claims on direct appeal. This contention lacks merit because Fowler has not shown his counsel's failure to raise those claims was objectively unreasonable, or that the claims had a reasonable probability of success on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Thus, the state court's decision rejecting Fowler's claims was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *see also Strickland*, 466 U.S. at 687.

**AFFIRMED.**